| | | |
|---|---|---|
| JOSEPH PIERCE, | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No: 2:25-cv-00051-CHS |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

### I.       Introduction

Plaintiff Joseph Pierce ("Plaintiff") seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from his denial of benefits by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. § 401-34. [*See* Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 15].

Each party has filed a brief seeking judgment in its favor pursuant to Rule 5 of the Federal Rules of Civil Procedure Supplemental Rules for Social Security [Docs. 11, 14]. For reasons that follow, Plaintiff's request for relief [Docs. 11] will be **DENIED**, the Commissioner's request for relief [Doc. 14] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

1

## II.     Procedural History

On January 17, 2021, Plaintiff applied for disability insurance benefits under the Act, alleging disability as of September 2, 2020. (Tr. 17). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff requested a hearing before an administrative law judge. (*Id.*).

A hearing was held on September 21, 2023, that included Plaintiff's attorney. (*Id.*). Administrative Law Judge John A. Pottinger ("ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 34-51). The ALJ then rendered his decision on December 20, 2023, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 17-26).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 1). Exhausting his administrative remedies, Plaintiff then filed his Complaint [Doc. 1] on March 26, 2025, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing briefs, and this matter is ripe for adjudication.

## III.     Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2.  The claimant has not engaged in substantial gainful activity since September 2, 2020, the alleged onset date (20 CFR 404.1571 et seq.).

3.  The claimant has the following severe impairments: degenerative disc disease, hearing loss, and migraine headaches (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant should never climb ladders, ropes, or scaffolds. The claimant should have no exposure workplace hazards such as unprotected heights and moving mechanical parts. The claimant should work in nothing more than a moderate noise intensity level with examples including light traffic or a department store.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on July 12, 1969 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

(Tr. 17-26).

## IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that he is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result

3

in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, he is not disabled; (2) if a claimant does not have a severe impairment, he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, he is disabled; (4) if the claimant is capable of returning to work he has done in the past, he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, he is not disabled. *Id.* If at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to his former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering his age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's

findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986). The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky*, 35 F.3d at 1035; *Crisp*, 790 F.2d 450 n.4.

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## V.     Analysis

Plaintiff claims that: (1) the ALJ erred at step three by failing to properly evaluate the evidence in determining that Plaintiff does not meet listing 2.07, and (2) the RFC prescribed by the ALJ failed to account for Plaintiff's vertigo disease and symptoms of dizziness.

### A.    Section 2.07 of the Listings

Plaintiff argues that the ALJ erred at step three by failing to determine that Plaintiff met Listing 2.07, Disturbance of Labyrinthine-Vestibular Function. [Doc. 11 at 8]. Specifically, Plaintiff states that the ALJ erred by not finding Plaintiff's symptoms of vertigo to be a severe impairment. As a result, he failed to consider listing 2.07 at step three. [*Id.*]. Additionally, Plaintiff argues that the ALJ insufficiently discussed Plaintiff's issues of balance disturbance, dizziness and chronic inner ear dysfunction, and pressure. [*Id.*]. The Commissioner responds that Plaintiff failed to provide evidence to meet all of the requirements of listing 2.07. [Doc. 14 at 4].

As indicated, when analyzing whether a claimant is disabled, the ALJ employs a five-step sequential evaluation. First, the ALJ will consider if the claimant is currently engaged in any substantial gainful activity. 20 C.F.R. § 416.920(i). If not, the ALJ will consider the severity of the claimant's impairments. *Id.* § 416.920(a)(4)(ii). If the claimant does not have a severe medically determinable impairment, the ALJ will then consider if any of the claimant's impairments satisfy a listed disability. *Id.* § 416.920(a)(4)(iii). If the claimant does not have a listed disability, the ALJ will consider what the claimant can do despite their limitations, and whether jobs exist in the national economy that the claimant can perform. *Id.* § 416.920(a)(4)(iv)-(v). If there are jobs in the national economy that the claimant can perform, then the claimant's claim for benefits will be denied. *Id.* If there are not jobs in the national economy that the claimant can perform, then the ALJ will find the claimant disabled and award benefits. *Id.*

By way of context for the determination as to whether a claimant meets a listing, the listings are descriptions of different physical and mental illnesses and abnormalities, which are set out in 20 CFR pt. 404, subpt. P, App. 1; *Sullivan v. Zebley*, 493 U.S. 521, 529 (1990). The disability listings contain conditions that are "severe enough to prevent an individual from doing any gainful

activity, regardless of his or her age, education, or work experience." *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013). For a claimant to show that their impairment meets a listing, they "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530.

As the Commissioner points out, and Plaintiff confirms, Plaintiff bears the burden at step three to prove that he meets or equals one of the disability listings. [Doc. 14 at 3]; *see Salisbury v. Comm'r of Soc. Sec.*, No. 24-3898, 2025 WL 1089451, at *1 (6th Cir. Apr. 11, 2025). For a plaintiff to meet a listing, he must "present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." 20 CFR § 416.926(a) (1989); *Sullivan*, 493 U.S. at 531. The ALJ is not required to discuss every listing in their opinion. *Sheeks*, 544 F. App'x at 641. However, if the record "'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Id.* at 641 (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). In order to satisfy the "substantial question" threshold, a claimant must "point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014).

In this case, at step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met one of the listings. (Tr. 20). The ALJ specifically considered listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), 2.10 (hearing loss not treated with cochlear implantation), 2.11 (hearing loss treated with cochlear implantation), and 11.02 (epilepsy) (*Id.*). However, Plaintiff argues that the ALJ failed to specifically consider listing 2.07, which covers disturbance of labyrinthine-vestibular function. [Doc. 11 at 8]. The pertinent listing states:

> *Disturbance of Labyrinthine-Vestibular Function (Including Meniere's disease),* characterized by a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing. With both A and B:

> A. Disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and
>
> B. Hearing loss established by audiometry.

20 C.F.R. Part 404, Subpart P, Appendix 1.

Plaintiff has failed to point to specific evidence demonstrating that he meets every requirement of Listing 2.07. While the Court agrees with Plaintiff that there appears to be evidence in the record of Plaintiff's balance disturbance, tinnitus, progressive loss of hearing, and hearing loss established by audiometry (Tr. 64, 291-92, 294, 296, 300, 301, 325, 328, 371, 374, 377, 380, 414, 422, 438, 440, 445), Plaintiff does not point to—nor was the Court able to find—evidence in the record to show a disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests. Rather, Plaintiff continuously refers and cites to evidence of his dizziness, tinnitus, progressive loss of hearing, and pressure headaches, and states that "[t]his evidence warrants a discussion of listing 2.07 at step three." [Doc. 11 at 8-9]. However, Plaintiff needed to show that he met *all* of the criteria of listing 2.07, including testing that demonstrated disturbed function of the vestibular labyrinth. *Sullivan*, 493 U.S. at 530 ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). Because Plaintiff does not point to, and the Court cannot find, evidence of vestibular or caloric testing in the record, the record does not "raise a substantial question as to whether [Plaintiff] could qualify as disabled" under listing 2.07 in this case. *See Abbott*, 905 F.2d at 925. Thus, Plaintiff failed to carry his burden to prove he met one of the disability listings, and the ALJ did not err.

## B. Plaintiff's RFC

Plaintiff next argues that the ALJ's RFC assessment failed to incorporate the full extent of Plaintiff's vertigo disease and symptoms of dizziness. [Doc. 11 at 11]. Specifically, Plaintiff argues that the ALJ ignored substantial medical evidence that would support a finding of disability—

namely, Plaintiff's "constant dizziness, tinnitus, hearing loss, nausea and headaches." [*Id.* at 12-13].

Notably, the ALJ found that Plaintiff could perform medium work but could never climb ladders, ropes or scaffolds, should have no exposure to workplace hazards such as unprotected heights and moving mechanical parts, and should work in nothing more than a moderate noise intensity level. (Tr. 21). Additionally, the ALJ stated that he considered Plaintiff's reported symptoms of dizziness, balance, and fatigue when formulating Plaintiff's RFC. (Tr. 23).

The Court finds that the ALJ sufficiently examined Plaintiff's allegations of dizziness, hearing loss, and headaches in the RFC analysis. For example, the ALJ stated that Plaintiff's hearing loss and headaches warrant functional limitations, but that work at a medium exertion level would be appropriate considering the medical evidence that showed Plaintiff's "normal strength and gait." (Tr. 23). Further, the ALJ explained that Plaintiff should never climb ladders, ropes, or scaffolds to accommodate Plaintiff's "subjective reports of imbalance or dizziness due to his ear condition." (*Id.*). The ALJ considered Plaintiff's hearing loss by formulating an RFC where Plaintiff would work in "nothing more than a moderate noise intensity level with examples including light traffic or a department store." (*Id.*).

While Plaintiff made multiple subjective allegations that he was suffering from symptoms of vertigo, the ALJ concluded, based on the medical evidence, that Plaintiff's allegations did not support additional limitations beyond what was prescribed in the RFC. (Tr. 23). For example, Kareem Tawfik, M.D. examined Plaintiff in 2023 and stated that it did not sound like Plaintiff had "true rotary vertigo." (Tr. 446). Further, after examining the record, the Court has not found a formal vertigo diagnosis from a medical provider. Even so, the ALJ noted Plaintiff's subjective complaints, stating that he "considered the reported symptoms of dizziness, balance, and fatigue

to the extent they can be attributed to the claimant's remaining conditions." (Tr. 23). The ALJ then connected Plaintiff's symptoms to the RFC, and stated that Plaintiff should never climb ladders, ropes, or scaffolds. (*Id.*). After viewing the record and the ALJ's opinion, the Court finds that the ALJ's decision was supported by substantial evidence.

Lastly, as the Commissioner points out, Plaintiff explained how he would have interpreted the record differently and come to a different conclusion. [*See* Doc. 14 at 10]. However, the Court agrees with the Commissioner that Plaintiff's disagreement with the ALJ's explanation does not support remand. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). The ALJ must look at the whole record and decide, based on all of the medical and nonmedical evidence, whether the Plaintiff is disabled. While it may be possible to look at the evidence and conclude that Plaintiff is disabled, the Court's responsibility is limited to making a determination as to whether substantial evidence supported the ALJ's decision. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 402 (6th Cir. 2018). Given that standard, and the ALJ's thorough explanation for the weight she accorded to various medical opinions and evidence in the record, this Court finds that there is substantial evidence to support the ALJ's decision.

## VI.     Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's request for relief [Docs. 11] will be **DENIED**, the Commissioner's request for relief [Doc. 14] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

11